IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

WESLEY BLAKE VANDERLAN, M.D.  **Plaintiff**

v.                             CIVIL ACTION NO. _____

JENNIFER NEWTON, JOHN DOES ONE,   **Defendants**
JOHN DOE TWO, JOHN DOE 1-10000

## COMPLAINT

### JURY TRIAL DEMANDED

*COMES NOW* the Plaintiff, Wesley Blake Vanderlan, by and through undersigned counsel, and files this Complaint against the above-named Defendants, and states as follows:

### PARTIES

1. Plaintiff, Wesley Blake Vanderlan, M.D. ("Vanderlan"), is a surgeon and an adult resident citizen of Leon County in the State of Florida, licensed to practice medicine in Alabama.

2. Defendant Jennifer Newton ("Newton") is an adult resident citizen of the State of Ohio. She is believed to be a professor at Ohio University and will

1

be served with summons at her home by private process server at 5 Danbury Drive, in Athens, Ohio 45701.

3. Defendants John Doe One and John Doe Two are individuals whose identities are not currently known to Plaintiff but will be described more fully when their identities become known. It is reasonably believed that individuals may be responsible for the malicious publication of the information described below on a platform known as "Tik Tok" and other platforms and another have been an attorney whose defamation was being used to leverage a larger settlement with the Plaintiff using speech outside the court process and not protected by any qualified privilege. None are believed to be residents of Florida at this time.

4. Defendant John Does 1-10,000 are individuals that published or spread malicious, false, slanderous information about the plaintiff in person or upon any social network or platform and will be added to this complaint as their identities are revealed.

## JURISDICTIONAL STATEMENT

5. This Court has jurisdiction over the subject matter of this action pursuant to diversity under 28 U.S.C. §1331 as the matter involves citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in the Southern District of Alabama, Mobile Division, because the events giving rise to the claims are reasonably believed to have occurred in the airspace over Mobile County, Alabama.

## FACTS

7. Vanderlan is a physician/surgeon double board certified in trauma surgery and critical care, double fellowshipped in critical care. Vanderlan also specializes in emergency care. Further, Vanderlan is a Lt. Col. in the U.S. Air Force and serves as a flight surgeon on jet aircrafts while serving as a Team Lead for a far forward Ground Surgical Team.

8. On the evening of December 5-6, 2024, Vanderlan completed a 12-hour shift at a hospital in Jennings, Louisiana, then proceeded directly to the New Orleans International Airport for a scheduled flight to Tallahassee, Florida.

9. Vanderlan had also worked a 12-hour shift in the same hospital's emergency room the night before.

10. Vanderlan boarded Delta Flight 409 in a fatigued state, still wearing his surgical scrubs.

11. Pursuant to his ticket, Vanderlan took the aisle seat in a row with two other passengers: one in the middle seat and one at the window.

12. As he entered the plane and arranged his carry-on luggage, Vanderlan was on a cell phone call discussing political developments with a colleague, expressing his support for some policies of President Donald Trump.

13. This conversation was apparently audible to the other two passengers seated in his row.

14. As part of his typical air travel routine, Vanderlan placed over-the-ear headphones on his head, tucked his hands between his thighs, and quickly went to sleep.

15. Based on a written statement later provided by Newton, she immediately disliked Vanderlan due to his conservative political views.

16. Newton maintains a website and online presence clearly exhibiting a liberal, progressive, or "woke" political ideology.

17. On information and belief, Newton's ideological opposition to Vanderlan's politics motivated her to make false and malicious claims against him.

18. Vanderlan remained asleep during the entire flight and has no recollection of the alleged contact.

19. Newton's statement claims that she poked or prodded Vanderlan multiple times during the flight, and he never awoke.

20. Newton did not report any alleged inappropriate contact to flight staff at any time during the flight.

21. Any contact described by Newton allegedly occurred when the aircraft was in the airspace over Mobile County, Alabama.

22. Vanderlan is a board-certified surgeon, critical care specialist, and a lieutenant colonel and flight surgeon with the United States Air Force.

23. While not an expert in aeronautics, Vanderlan has above-average knowledge regarding the flight of jet aircraft and confirms the flight path covered Mobile County.

24. Vanderlan had never seen or met Newton prior to this flight. To his knowledge, he had never talked to her or even met eyes with her before or during this flight.

25. Newton reported the alleged incident to Delta Airlines after the flight, despite their inability to investigate or provide notice to Vanderlan.

26. Newton further attempted to involve the FBI, which declined to proceed with an investigation due to the questionable nature of the photographic evidence provided.

27. Newton later hired an attorney to demand $500,000 from Vanderlan based on her fabricated claims.

28. Newton then turned over the alleged "live photo" and her account of the incident to a TikTok influencer known as Tizzy (real name believed to be Michael McWhorter) at @tizzyent.

29. Tizzy is a known liberal activist with over 6 million followers who frequently attacks conservative individuals and ideas and particularly those policies and ideals of President Trump.

30. Tizzy published Newton's story and the alleged photo with an aggressive, defamatory narrative.

31. As a result, thousands of his twisted followers are believed to have tracked down Vanderlan, harassed him readily online and offline, demanded his privileges be terminated at hospitals where Vanderlan was contracted and contacted his wife and family.

32. Vanderlan suffered the loss of professional contracts, reputational damage, and financial harm exceeding hundreds of thousands of dollars.

## COUNT ONE

## **DEFAMATION**

33. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

34. Defendant Newton made false and defamatory statements concerning Vanderlan.

35. These statements were published to third parties, including a social media influencer with a large following.

36. The statements were made with actual malice or with reckless disregard for their truth or falsity.

37. Vanderlan suffered harm to his reputation, loss of business relationships, and emotional distress as a result

## COUNT TWO

### INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

38. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

39. Plaintiff had valid and enforceable business relationships and contracts with numerous medical care providers guaranteeing substantial remuneration to the Plaintiff for his medical services.

40. Defendant Newton was aware, or with reasonable diligence should have been aware, of these relationships.

41. Defendants intentionally and unjustifiably interfered with these relationships by disseminating false and malicious information.

42. Defendants' conduct resulted in damages to Plaintiff, including loss of income and future business opportunities.

## COUNT THREE

### BATTERY

43. Plaintiff incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

44. The Defendant has admitted to battering the Plaintiff while he was sleeping. Such contact was not made with Plaintiff's consent or knowledge.

45. Plaintiff did not initiate or intend any physical contact with Newton. Any contact initiated by Vanderlan was unintentional and did not constitute volitional conduct. The tortious contact by Newton was intentional and she has admitted such.

## DAMAGES

46. As a result of Defendants' actions, Vanderlan suffered the following compensatory damages:

   a. Economic damages including lost income, canceled contracts, and diminished earning capacity.

   b. Emotional distress, pain, and suffering.

   c. Reputational harm in his personal and professional communities, and

   d) Other damages that will be proven at trial.

47. The Plaintiff is entitled to punitive damages against Newton for her willful and grossly negligent conduct in an amount which would punish her and deter such conduct in the future, with the amount determined by jury.

WHEREFORE, Plaintiff Wesley Blake Vanderlan, M.D., respectfully demands a trial by jury and requests the following relief:

1. Compensatory damages in an amount to be proven at trial;
2. Punitive damages;
3. Costs and attorney's fees;
4. Any other relief this Court deems just and proper.

Respectfully submitted on 14th day of April, 2025.

*[signature]*

Stephen Wright Mullins, Sr., ASB 1338M74S
The Mullins Law Firm, LLC
5551 Old Shell Road, Unit 81750
Mobile, Alabama 36689-5566
Phone: (228) 218-3543
Email: Jackfish28@gmail.com