IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

WESLEY BLAKE VANDERLAN,

Plaintiff,

v.

Civil Action No. 25-CV-00156

JENNIFER NEWTON

Defendant.

PLAINTIFF'S JURISDICTIONAL DISCOVERY

(LIMITED TO PERSONAL JURISDICTION)

NOTE TO PARTIES AND COURT:

These requests are narrowly tailored to the personal-jurisdiction issues raised by Defendants' Motion to Dismiss. Discovery is limited to State of Alabama contacts, purposeful direction of conduct into the state of Alabama including but not limited to and any and all medical centers, hospitals, medical boards, etc knowledge of State of Alabama effects, revenue and business in the State of Alabama, online targeting into the State of Alabama, agency/alter ego, and identification of third parties carrying out directives aimed at the State of Alabama.

GENERAL DEFINITIONS

1. "You," "Your," and "Defendant(s)" mean each Defendant and any agents, employees, contractors, investigators, publicists, PR firms, "internet consultants," affiliates, parents, subsidiaries, and anyone acting at Your direction or on Your behalf.

2. "Plaintiff" means the party named above, and includes his agents and representatives.

3. "State of Alabama" means the State of Alabama and any federal judicial district therein.

4. "Communications" include emails, messages, texts, DMs, posts, comments, phone logs, voicemails, letters, and any electronic transmissions, including via platforms such as

EXHIBIT D

X/Twitter, Facebook/Instagram, TikTok, Reddit, YouTube, WhatsApp, Signal, Telegram, Slack, Discord, or similar.

5. "Documents" and "ESI" are as defined in Fed. R. Civ. P. 34 and include metadata.

6. "Identify" a person: provide full name, last known addresses, email(s), phone(s), employer, and role.

7. Relevant Period: 12/1/2024 to present (or as otherwise ordered).

GENERAL INSTRUCTIONS

A. Answer each Interrogatory separately and fully under oath. Rule 33(b).

B. Produce Documents/ESI as they are kept in the usual course or label by request, including native ESI with metadata (at minimum: To/From/CC/BCC, Sent/Received, Subject, File Name, Created/Modified dates, Author/Owner, and system timestamps). Rule 34(b).

C. If You object, state with specificity and produce the non-objected portion. Rule 34(b)(2)(C).

D. If any material is withheld on the basis of privilege or work product, provide a privilege log compliant with Rule 26(b)(5).

E. If Your answer is based on information and belief, so state and identify the information's source.

F. ESI Protocol: (1) search terms and custodians to be conferred; (2) production in single-page TIFF/PDF with load files and natives for spreadsheets, videos, audio, and social media exports; (3) deduplication at global level; (4) time-zone normalization to America/Chicago; (5) Bates numbering.

G. You are under a continuing duty to supplement. Rule 26(e).

I. INTERROGATORIES (Rule 33)

Interrogatory No. 1: Identify each of your employees, agents, contractors, "internet" firms, and agents who, during the Relevant Period, communicated with any person in the State of Alabama about Plaintiff, Plaintiff's reputation, employment, medical boards, employers, or the events described in the Complaint.

Interrogatory No. 2: Describe in detail all steps You took that were directed to the State of Alabama relating to Plaintiff, including but not limited to contacting persons or entities

located in the State of Alabama, sending materials or links into the State of Alabama, or commissioning any third party to do so.

Interrogatory No. 3: Identify all "internet provocateurs," investigators, consultants, content creators, or social-media accounts (anonymous or pseudonymous) retained by or acting for You concerning Plaintiff; include handles, platforms, dates of engagement, and instructions provided.

Interrogatory No. 4: State all facts supporting Your knowledge or expectation that Your conduct (including online content) would be accessed, viewed, or cause effects in the State of Alabama.

Interrogatory No. 5: Identify all communications with Plaintiff's current or former employers, credentialing bodies, medical boards, hospitals, or professional contacts located in the State of Alabama; include dates, participants, and subjects.

Interrogatory No. 6: Identify all revenue, sales, donations, subscriptions, ad impressions, or other monetization derived from the State of Alabama during the Relevant Period; specify amounts by year and by channel.

Interrogatory No. 7: Identify each website, social-media account, podcast, or video channel You own or control; state the percentage of traffic or audience geolocated to the State of Alabama during the Relevant Period, and the analytics sources relied upon (Google Analytics, CrowdTangle, X Analytics, etc.).

Interrogatory No. 8: Identify all contracts, subscriptions, or services with vendors capable of geotargeting or audience analytics (e.g., Meta Ads, Google Ads, X Ads) used in connection with content about Plaintiff.

Interrogatory No. 9: Identify all threats, demands, or notices sent to Plaintiff (or his counsel) referencing litigation, suits, or complaints, and state whether You intended such communications to be forwarded or have effects in the State of Alabama.

Interrogatory No. 10: Identify any travel to the State of Alabama by You or Your agents during the Relevant Period related to Plaintiff or the claims in this case; provide dates, purposes, and persons involved.

Interrogatory No. 11: Identify the location(s) of servers, hosting providers, or platforms that stored or disseminated content about Plaintiff, and whether You configured geotargeting to include the State of Alabama.

Interrogatory No. 12: Identify all third-party platforms (e.g., TikTok, X, Meta, YouTube, Reddit) where content about Plaintiff was posted, the URLs/handles, dates, and whether any content was boosted/promoted to audiences in the State of Alabama.

Interrogatory No. 13: Identify every alias, burner phone, VPN, or pseudonymous email/account used to communicate about Plaintiff or to contact State of Alabama recipients.

Interrogatory No. 14: Describe any efforts to delete, modify, or hide content related to Plaintiff after litigation was reasonably anticipated; identify persons involved and the ESI preserved.

Interrogatory No. 15: Identify all complaints, reports, or communications submitted to any medical board, hospital, or employer concerning Plaintiff; include the submitting person(s) and basis for knowledge of Plaintiff's State of Alabama employment/residence.

## II. REQUESTS FOR PRODUCTION (Rule 34)

RFP No. 1: All documents and ESI identified, referenced, or relied upon in answering the Interrogatories.

RFP No. 2: All communications sent into or received from tizzyent or Micheal McWhorten that mentions or references the State of Alabama concerning Plaintiff, including emails, texts, DMs, letters, voicemails, and chat logs.

RFP No. 3: All contracts, SOWs, invoices, or payments with tizzyent or Micheal McWhorten, any agent, employee or representative any "internet consultant," content creator, private investigator, or PR firm related to Plaintiff or to content targeting the State of Alabama.

RFP No. 4: All social-media posts, comments, messages, analytics, and ad-manager data relating to Plaintiff, including geotargeting settings, impression geodata, and audience reports showing State of Alabama reach.

RFP No. 5: Web server logs, CDN logs, and analytics evidencing access from IPs geolocated to the State of Alabama for any content about Plaintiff.

RFP No. 6: Documents reflecting knowledge that Plaintiff lived, worked, or had professional contacts in the State of Alabama during the Relevant Period.

RFP No. 7: Communications with any medical board, hospital, employer, or professional contact in the State of Alabama regarding Plaintiff.

RFP No. 8: Advertisements, boosts, or promotions concerning content about Plaintiff; include targeting criteria and budgets.

RFP No. 10: Policies, guidelines, or instructions provided to third parties (including "internet provocateurs") regarding contacting persons in the State of Alabama or distributing content into the State of Alabama.

RFP No. 11: Identity and contact information for all anonymous/pseudonymous accounts used in connection with the subject matter, including account-creation metadata.

RFP No. 12: Communications threatening litigation, demanding action, or otherwise referencing suits against Plaintiff, and forwarding or sharing of such communications with any State of Alabama recipients.

RFP No. 13: Communications with any third-party platforms (TikTok, X, Meta, Google/YouTube, Reddit, Venmo, etc.) about content concerning Plaintiff, including takedown requests or appeals.

RFP No. 14: Any and all photographs or videos that show the Plaintiff.

III. REQUESTS FOR ADMISSION (Rule 36)

RFA No. 1: Admit that during the Relevant Period You communicated with at least one person in the State of Alabama about Plaintiff.

RFA No. 2: Admit that You expected Your online content about Plaintiff to be viewed in the State of Alabama.

RFA No. 3: Admit that at least one of Your communications or posts about Plaintiff was directed to a State of Alabama recipient.

RFA No. 4: Admit that You (or someone acting for You) sent materials about Plaintiff to his employer(s) in the State of Alabama.

RFA No. 5: Admit that You retained or directed third parties to create or distribute content about Plaintiff.

RFA No. 6: Admit that You threatened litigation against Plaintiff and intended those threats to have effects in the State of Alabama.

RFA No. 7: Admit that You caused or encouraged anonymous or pseudonymous accounts to communicate with persons in the State of Alabama regarding Plaintiff.

RFA No. 8: Admit that You knew or reasonably should have known that Your conduct would cause reputational and economic harm to Plaintiff in the State of Alabama.

RFA No. 9: Admit that after litigation was anticipated, You deleted or altered content related to Plaintiff.

RFA No. 10: Admit that Your agents acted within the scope of their agency when contacting persons in the State of Alabama about Plaintiff.

RFA No. 11: Admit that any PR/internet firm You used acted at Your direction and control.

RFA No. 12: Admit that You published or republished accusations about Plaintiff after learning he worked in the State of Alabama.

IV. PROPOSED THIRD-PARTY SUBPOENA SCHEDULE (Rule 45)

- TikTok/ByteDance: account registration, IP logs, DM logs, video upload metadata, ad/boosting data, takedowns.

- X Corp (Twitter): account data, login/IP logs, DMs, Spaces, Ads, impressions geodata.

- Meta (Facebook/Instagram): account, messages, post/comment logs, Ads Manager exports, audience geodata.

- Google/YouTube: channel/video metadata, upload IPs, analytics geo reports, ads.

- Reddit: account and modmail logs, post/comment metadata, IPs.

- Venmo/PayPal/CashApp/Stripe: payment records for contractors/agents related to campaigns concerning Plaintiff.

- Email providers (Gmail/Outlook/Proton): subscriber, login IPs, recovery details for pseudonymous accounts.

- Hosting/CDN (e.g., Cloudflare, AWS): access logs, subscriber records for hosted content re: Plaintiff.